UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TEAM MARKETING GROUP, INC., ET AL | CASE NO. 5:17-cv-1389 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ROBERT DANIEL HYDE, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Plaintiffs, represented by attorney Trippe Steven Fried, filed this action in the Middle District of Tennessee. The parties agreed to transfer venue of the action to this court based on mandatory forum selection clauses. Doc. 27. This court issued an order that, within 20 days, any attorney in the case who is not admitted to practice in the Western District of Louisiana either file an application for admission, file a motion for admission pro hac vice, or enroll substitute counsel. Doc. 30.

Almost two months later, Mr. Fried filed a Motion for Admission Pro Hac Vice (Doc. 51), which disclosed a public censure issued by the bar of the State of Tennessee in 2016 related to not disclosing to a client that he was not licensed in New York (the state where he lives). Mr. Fried stated that he had contacted several lawyers in Shreveport about acting as local counsel, and he anticipated that local counsel would appear in the following two weeks.

The Clerk of Court issued a notice of deficiency (Doc. 52) because the motion for admission pro hac vice was not signed by an attorney admitted to practice before the court

(local counsel). The deficiency could have been cured by local counsel joining in the motion, but more than a month has now passed without any appearance by local counsel or other effort to cure the motion.

The court would ordinarily strike a deficient pleading that was not cured within the permitted time, but the plaintiffs in this case are not otherwise represented. The consequences may be severe if the plaintiffs are left without counsel. They are both legal entities, and entities may not appear in federal court other than through an authorized attorney. <u>Memon v. Allied Domecq Qsr</u>, 385 F.3d 871, 873 (5th Cir. 2004). If the plaintiffs are left without counsel, their complaint will be subject to being stricken or dismissed.

The court will afford the plaintiffs one additional opportunity, through **February 26, 2018**, for Mr. Fried to (1) file a motion (joined in by local counsel) for admission pro hac vice or (2) file a motion to substitute a new counsel for the plaintiffs who is admitted to practice in this court. If plaintiffs are unable to comply with this order, Mr. Fried is directed to file in the record a current mailing address and telephone number for each plaintiff.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of February, 2018.

Mark L. Hornsby
U.S. Magistrate Judge